Estate of Blackburn : Rector, Wardens & Vestrymen of St. Paul's Church, Milwaukee, Appellant, vs. Blackburn, Executrix, Respondent.

*February 7—March 7, 1939.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Howard T. Foulkes* of counsel, all of Milwaukee, and oral argument by *Mr. Foulkes.*

*G. Russell Crotty* of Milwaukee, for the respondent.

A brief was also filed by *Ernst von Briesen* of Milwaukee, as *amicus curiæ.*

FAIRCHILD, J. The only question on this appeal is the effect of pars. (b) and (c) of sec. 157.11 (7), Stats., as applied to the facts of this case. Par. (b) provides that any organization having a cemetery under its control may fix and determine the sum reasonably necessary for perpetual care of the grave or lot, in uniform amounts. Par. (c) provides that before ordering distribution of the estate of a deceased person, the court shall order payment of the sum so fixed for the care of the lot or grave of the deceased. These paragraphs are derived from ch. 408, Laws of 1921. By ch. 298, Laws of 1935, there was added to par. (b) a provision that the amounts fixed shall be subject to the

approval of the court and may be collected as part of the funeral expense.

The claimant is a corporation with power to contract. By its deed, it contracted to permit Blackburn and his heirs to exercise, with respect to the lot in question, the rights and privileges usually enjoyed by the owner of a cemetery lot. This agreement the corporation entered into in consideration of the purchase price paid by Blackburn, and it is therefore bound to comply with its terms, and cannot demand of Blackburn or his heirs any further consideration for the rights and privileges granted. The contract made no provision for any future payment for perpetual care.

When the deed was executed, the statutes of 1911 were in effect. They contained no provision comparable to those now contained in pars. (b) and (c) of sec. 157.11 (7), Stats. Sec. 1453, Stats. 1911, provided that the governing board of any cemetery might require any person owning or controlling any lot therein to trim the grass, remove weeds and bushes, and fill up, level, or raise any lot to conform to cemetery regulations. Upon failure to comply with this requirement after notice, the governing board could do whatever was needed and recover the expense from the person owning or controlling the lot. By the terms of the deed, Blackburn's rights in the cemetery lot were subject to the provisions of the statutes, including sec. 1453. Thus his contract with the corporation provided that a personal liability might be imposed upon him if he failed to provide the care required by the corporation. But he was clearly entitled to furnish that care himself, either personally or by his agent.

The appellant corporation is subject to the rules of contract law, like any other body which has been given the power to contract. Although its contracts may be colored by consideration for the sentiments and memories of those naturally interested in the peaceful repose of deceased relatives, those contracts are none the less determinative of the rights of the

parties. The reference to the statutes in the deed to Blackburn must be taken to mean the existing statutes rather than laws enacted by the legislature many years after the contract was entered into.

It may well be that the contract of Robert Blackburn with the cemetery corporation was subject not only to the statutes of 1911, but also to later laws enacted in the exercise of the police power. Proper maintenance of the burial place is, so far as it concerns the public health, a matter for regulation by the legislature. But pars. (b) and (c) of sec. 157.11 (7), Stats., bear no relation to the public health or welfare. Their purpose is to provide funds which may be used to keep cemetery grounds attractive and beautiful. That is a worthy purpose, but the statute is not an exercise of the police power. It cannot, therefore, alter the terms of Blackburn's contract with the claimant, or subject his estate to this charge for perpetual care, sec. 12, art. I, Wis. Const.; sec. 10, art. I, U. S. Const.

The trial court was correct in its conclusion that the claim for perpetual care was not a legal claim against the estate of Robert Blackburn.

*By the Court.*—Order affirmed.